UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Sandra L. Makowka and | ) | |
| Robert Makowka | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 13-cv-7291 |
| | ) | |
| United Guaranty Services, Inc.; | ) | |
| Williams & Fudge, Inc. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Complaint Filed by the Debtor Arising out of Violations of the Fair Debt Collection and Practices Act provided for by Section 1692 of Title 15 of the United States Code, and Violations of the Discharge Injunction provided for by Section 524 of Title 11 of the United States Code**

**NOW COMES** the above-named Plaintiff, individual consumer, by and through her attorney Thomas W. Toolis of Jahnke, Sullivan & Toolis, and respectfully brings before the Court an action for actual and statutory damages against Defendants United Guaranty Services, Inc. and Williams & Fudge, Inc. in violation of the Fair Debt Collection and Practices Act provided for by Section 1692 of Title 15 of the United States Code and in violation of Section 524 of Title 11 of the United States Code providing an injunction against collection after discharge of the Debtor.

### I. JURISDICTION

1. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here. This contested case is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of bankruptcy case number 06-02760, and rights duly established under Title 11 of the United States Code and other applicable federal law.

2. This Court has jurisdiction to enter a final and dispositive order in this matter.

3. This Court has both personal and subject matter jurisdiction to hear this contested case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 11 of the United States Code.

4. This action arises out of Defendants repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227 *et seq.* and out of the invasions of Plaintiff's personal privacy by Defendant and their agents in their illegal efforts to collect a consumer debt.

5. Section 524(a)(2) of title 11 of the United States Code operates as an injunction against the commencement or continuation of any act to collect or recover a debt as a personal liability of the debtor. Punitive damages may also be awarded as a sanction against a creditor for violating §524. *In re Cherry, Bankruptcy E.D. Va. 2000, 247 BR 176.*

## II. PARTIES

6. Plaintiffs, Sandra L. Makowka and Robert Makowka, are natural persons residing in the Village of Shorewood, County of Will, State of Illinois.

7. Defendant, United Guaranty Services, Inc. is a North Carolina corporation authorized to do business in Illinois. Defendant is engaged in the business of collecting delinquent and defaulted accounts in this state with its principal place of business located at 230 N. Elm St., Greensboro, NC 27401. The principal purpose of Defendant is the collection of delinquent and defaulted accounts.

8. Defendant, Williams & Fudge, Inc. is a South Carolina corporation authorized to do business in Illinois. Defendant is engaged in the business of collecting delinquent and defaulted accounts in this state with its principal place of business located at 300 Chatham Ave., Rock Hill, SC 29731. The principal purpose of Defendant is the collection of delinquent and defaulted accounts.

9. Defendants are engaged in the collection of debts from consumers using the mail and the telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA,

15 U.S.C. § 1692a(6), and as defined by the Illinois Collection Agency Act, 225 ILCS 425/2.

### III. ALLEGATIONS IN SUPPORT OF THE VIOLATIONS

10. On March 20, 2006, the Plaintiff Sandra Makowka availed herself of her rights under Chapter 13 of the United States Bankruptcy Code.

11. The 341Meeting of Creditors was held in Chicago, Illinois on April 26, 2006.

12. The Chapter 13 plan was confirmed on May 25, 2006.

13. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of the Court, an unsecured debt was listed in favor of Citibank for a student loan in the amount of $9,390.56.

14. The Debtor's Chapter 13 Plan treated the debt to Citibank as an unsecured special class paid at 100% pursuant to E7 of the plan. United Guaranty filed a proof of claim in the amount of $9,085.93.

15. The Plaintiff Sandra Makowka completed her payments in May of 2007, an order of discharge was entered on June 1, 2011, and the case was closed on July 7, 2011.

16. On November 7, 2012, a Motion for Sanctions was filed in the United States Bankruptcy Court Northern District of Illinois against Performant Recovery. Upon Plaintiff Sandra Makowka and Defendants reaching a settlement, a Stipulation to Dismiss was entered on February 1, 2013. *See Exhibit A.*

17. On August 22, 2013, Williams & Fudge, Inc. sent Plaintiff Sandra Makowka a letter attempting to collect on the debt. The letter included the following language, **"This communication is an attempt to collect a debt by a debt collector or a consumer collection agency and any information obtained will be used for that purpose."** This statement was false, inaccurate and untrue. *See Exhibit B.*

18. This letter did not include any language advising her that she could disregard this letter or the above warning as a result of her filing for Chapter 13 Bankruptcy.

19. Williams & Fudge, Inc. made a telephone call from number 803-326-2947 on September 9, 2013, at 10:35 a.m., to Plaintiff, Robert Makowka, in an attempt to collect a debt. *See Exhibit C.*

20. Maverick Farley from Williams & Fudge, Inc. made telephone calls from number 803-326-1188 on September 13, 2013 and October 3, 2013 to Plaintiff Sandra Makowka's place of business, in an attempt to collect a debt.

21. The alleged debt of Plaintiffs was incurred for personal, family, or household services.

22. As a result of the acts alleged above, Plaintiffs suffered emotional distress and grief as well as actual damages.

## IV. CLAIM FOR RELIEF - FDCPA

23. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Alleging that the discharged debt was due when United Guaranty Services, Inc. and Williams & Fudge, Inc. knew or should have known the Plaintiffs had no further obligation to pay the debt. § 1692a, (e)(6) & (e)(10)
    b. Communicating with anyone except consumer, consumer's attorney, or credit bureau concerning the debt. § 1692, c(b)

24. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiffs for declaratory judgment that defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

## V. CLAIM FOR RELIEF - VIOLATION OF THE DISCHARGE INJUNCTION

25. Defendant is liable to the Plaintiffs for violation of the discharge injunction pursuant to 11 USC 524(a)(2) for the following actions:

    a. Collection letter mailed to the Plaintiff, Sandra Makowka's, residence.

b. Telephone call placed to Plaintiff, Robert Makowka's, residence and telephone calls placed to Plaintiff, Sandra Makowka's, place of business.

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against Defendants United Guaranty Services, Inc. and Williams & Fudge, Inc. for the following:

A. That this Court order the respondents named herein to pay all legal fees and expenses incurred by counsel for the movant, said fees to be calculated at the rate of $350.00 per hour, but in no event to be less than $3,500.00;
B. That this Court order the Defendants to pay additional actual damages and statutory damages of $1,000.00 to each Plaintiff for violating the FDCPA pursuant to 15 U.S.C. Section 1692k(a)(2)(A) in the form of additional punitive damages;
C. That this Court order an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;
D. That, in the alternative, this Court hold the respondents in civil contempt for violating the Order for Relief duly entered in the Plaintiff Sandra Makowka's Bankruptcy case and impose damages including but not limited to actual damages, punitive damages, court costs and legal fees, all in the discretion of the Court; and
E. That the movant have such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

Respectfully submitted,

/s/Thomas W. Toolis
Thomas W. Toolis

6270743
Thomas W. Toolis
Attorney for Plaintiffs
Jahnke Sullivan & Toolis, LLC
10075 W. Lincoln Highway
Frankfort, IL 60423
708-349-9333

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS )
) ss
COUNTY OF COOK )

Pursuant to 28 U.S.C. § 1746, Plaintiff Sandra L. Makowka, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 27, 2013
              Month     Day     Year

_____
Signature

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS )
) ss
COUNTY OF COOK )

Pursuant to 28 U.S.C. § 1746, Plaintiff Robert Makowka, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __SepT__ __27__, __2013__
                       Month    Day    Year

_Robert Makowka_
Signature